## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**CHRISTOPHER BUCHANAN**                                             **PLAINTIFF**
**ADC #176655**

**v.**                      **No: 3:23-cv-00190-KGB-PSH**

**COREY MILTON,** *et al.*                                          **DEFENDANTS**

### ORDER

Plaintiff Christopher Buchanan filed a *pro se* complaint on September 15, 2023, while incarcerated at the Arkansas Division of Correction's Grimes Unit (Doc. No. 2). On September 18, 2023, I granted Buchanan's application to proceed *in forma pauperis* and directed Buchanan to amend his complaint to clarify and narrow his claims (Doc. No. 3). Buchanan objected to the Court's direction to amend and insisted that the claims described in his original complaint were sufficiently related (Doc. No. 4). I then screened Buchanan's original complaint and recommended that he be allowed to proceed with a retaliation claim against defendants Sergeant Corey Milton, Deputy Warden Claudia M. Harris, Classification Supervisor Ladd, and Warden Thomas Hurst (the "Current Defendants") in their individual capacities and that his remaining claims be dismissed (Doc. No. 7). Buchanan timely objected to my recommendation (Doc. No. 9), and it remains pending. The Current Defendants have been served and answered. *See* Doc. Nos. 18, 21-24.

On November 17, 2023, Buchanan filed a "Motion to ReAmend Complaint" (Doc. No. 13) and attached a proposed amended complaint (Doc. No. 13-1).   On November 28, 2023, he filed a "Motion to Amend/Add Defendant" (Doc. No. 16). The Court has reviewed his proposed amended complaint and the additional allegations he includes in his second motion to amend.   Both motions are DENIED. Buchanan attempts to re-assert claims that the Court has already recommended dismissing for failure to state a viable claim or as unrelated.   *See* Doc. No. 7. Buchanan has not set forth sufficient facts to cure those claims in his proposed amendments.   For instance, it is still not clear how his complaints concerning a disciplinary he received on March 9, 2023, are sufficiently related to his claims that the Current Defendants retaliated against him by moving him to a Class 4 barracks. And Buchanan fails to set forth sufficient facts to state a due process claim in any case.   To maintain a due process claim, a person must "demonstrate that he was deprived of life, liberty or property by government action."   *Phillips v. Norris,* 320 F.3d 844, 846, (8th Cir. 2003).   Buchanan does not claim he was deprived of life or property; accordingly, he must identify the deprivation of a liberty interest sufficient to sustain a due process challenge to his prison disciplinary proceeding.   *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995).   A prisoner's liberty interest arises from the "nature of the prisoner's confinement."   *Phillips*, 320 F.3d at 847.   "In order to determine whether an inmate possesses a liberty interest, we compare the conditions

to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). Buchanan does not specifically describe the punishment he received as a result of the disciplinary or any particular conditions he endured as a result of his disciplinary conviction.

Buchanan has also filed two motions seeking that certain video evidence be preserved (Doc. Nos. 12 & 27). These motions are GRANTED in part. The video evidence Buchanan asks to be preserved does not appear to be relevant to the claims I have recommended allowing to proceed; however, in the event other claims are ultimately allowed to proceed, counsel for the Current Defendants is directed to request that any potentially relevant video be preserved, if it exists.

IT IS SO ORDERED this 22nd day of December, 2023.

_____

UNITED STATES MAGISTRATE JUDGE